UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,


                                                  DECISION AND ORDER
           v.                                       10-CR-360A

TERRY STEWART,

_____  Defendant.  ___

## <u>INTRODUCTION</u>

The United States moves pursuant to 18 U.S.C. § 3145(a)(1) to revoke a pretrial

release order entered by Magistrate Judge Jeremiah J. McCarthy on November 3,

2011, authorizing pretrial release of the defendant, Terry Stewart.  The United States

argues that defendant Stewart should be detained pending trial on the grounds that the

defendant is a serious risk of flight and a danger to the community.  The defendant

opposes his pretrial detention and argues that the conditions of release ordered by

Magistrate Judge McCarthy, which include primarily home incarceration at his mother's

residence on electronic monitoring secured by a pledge of $60,000 of the value of the

residence, are sufficient to protect the community and to ensure the defendant's

appearances in court as required.

On November 7, 2011, the Court heard brief argument on the United States'

motion for revocation of the pretrial release order of Magistrate Judge McCarthy.  For

the reasons stated below, on the current record, the motion to revoke is denied.

**BACKGROUND**

Defendant Stewart is charged in two counts of a ten-count Superseding Indictment with conspiring to transport stolen merchandise in interstate and foreign commerce in violation of 18 U.S.C. § 371 and with that substantive offense in violation of 18 U.S.C. § 2314.  More specifically, the Superseding Indictment and the United States' proffer in support of detention establishes that the defendant was a member of a ring of shoplifters and burglars who stole merchandise that a co-defendant, Rico Vendetti, sold over the internet via eBay accounts.  The ring stole merchandise with an alleged aggregate retail value of more than $500,000 in the four years before the defendants' arrests in October, 2010.

The case involves much more serious allegations.  In addition to the organized theft and burglary ring, the Superseding Indictment and the United States' proffer of evidence indicate that, in June 2010, co-defendant Vendetti solicited co-defendant Arlene Combs to recruit other persons to burglarize "an old man in Medina" named Homer Marciniak.  Mr. Marciniak was targeted because he was believed to have a comic book collection valued at $40,000 to $100,000.  Combs recruited persons to commit the burglary, including defendant Stewart and others.  The defendant and Combs went together to Medina to find Mr. Marciniak's home and to case it before the burglary.

On July 5, 2010, Combs arranged for certain co-conspirators – but not defendant Stewart – to break into Mr. Marciniak's home in the middle of the night to steal the

2

comic book collection.  Combs told investigators that she did not include the defendant in the burglary because he was too high on crack cocaine.  The intruders found Mr. Marciniak at home, tied him up and beat him.  They threatened to harm Mr. Marciniak if he did not reveal the location of the comic books.  Ultimately, the comic books were discovered and taken, along with other valuable items in strong boxes or safes.

Mr. Marciniak was treated and evaluated at a nearby hospital for injuries.  Within 24 hours of the burglary, however, Mr. Marciniak died of a heart attack.  The Superseding Indictment and the United States allege that Mr. Marciniak's death was caused by the trauma of the burglary.  The Superseding Indictment charges Vendetti, Combs, and certain other co-defendants with the murder and assault of Mr. Marciniak as part of a pattern of racketeering activity.

Defendant Stewart has not been charged with the home invasion, the other acts of violence against Mr. Marciniak, or with engaging in racketeering, but the United States has proffered that it expects he will soon be added as a defendant on at least some of those charges.  Although the defendant was not actually present during the burglary of Mr. Marciniak's home and during the assaults on Mr. Marciniak, the defendant opened locked strong boxes or safes taken from Mr. Marciniak.  The defendant was involved in transporting the stolen comic book collection to Vendetti. The defendant shared in some proceeds of the crimes.

A detention hearing was held on October 20, 2011, and the parties made supplemental appearances on October 31, and November 3, 2011, when Magistrate Judge McCarthy issued his Decision and Order.  The Decision and Order denied the detention motion of the United States and ordered defendant Stewart released on

various conditions, including electronic monitoring while on home incarceration at his

mother's residence, and with $60,000 of the value of the residence being posted to

secure the release conditions, among other conditions.  The release order was stayed

by Magistrate Judge McCarthy to permit the United States to seek to revoke it.


**DISCUSSION**

Pursuant to 18 U.S.C. § 3142(f), the United States may move for pretrial

detention of a defendant only in cases that fall into one of six specific categories.

United States v. Dillard, 214 F.3d 88, 91 (2d Cir. 2000).  Three of the six categories

involve the nature of the crime charged, including crimes of violence, crimes for which

the potential punishment is death or life imprisonment, or serious drug offenses.  18

U.S.C. § 3142(f)(1)(A)-(C).  The other three categories involve cases in which the

defendant has a particular set of prior criminal convictions, cases that involve a serious

risk of flight, and cases that involve obstruction of justice, witness tampering, or jury

tampering.  18 U.S.C. § 3142(f)(2)(A)-(B).  If a defendant does not fall into one of the

specific categories that permit detention, the defendant must be released  ". . . no

matter how obviously dangerous or how bent on committing an act of violence the

[defendant] may be . . . ."  Dillard, 214 F.3d at 96; United States v. Friedman, 837 F.2d

48, 49 (2d Cir. 1988).

If a defendant is ordered released by a magistrate judge, the United States may,

under 18 U.S.C. § 3145(a)(1), move for revocation of the release order before the

district court.  Upon such a motion, the district court must perform a *de novo* review of

the magistrate judge's release order.  United States v. Leon, 766 F.2d 77, 80 (2d Cir.

1985) (finding that a district court should "not simply defer to the judgment of the

magistrate, but reach its own independent conclusion").  When conducting its *de novo*

review, the district court may rely on the record of the proceedings before the

magistrate judge and may also accept additional evidence.  United States v. Colombo,

777 F.2d 96, 98 (2d Cir. 1985).

In this case, the United States objects to defendant Stewart's pretrial release on

the grounds that he poses a danger to the community and is a serious risk of flight for

which no adequate bail conditions are available.  The United States has the burden to

show by clear and convincing evidence that the danger posed by the defendant cannot

be alleviated by any combination of bail conditions.  See United States v. Chimurenga,

760 F.2d 400, 405 (2d Cir.1985).  The United States has the burden to show by a

preponderance of the evidence a serious risk of flight for which no conditions will

reasonably assure the defendant's appearance in court.  Id.  In determining whether

there are conditions of release that will reasonably assure the safety of the community

or the defendant's appearance as required, the Court must consider the factors

provided in 18 U.S.C. §3142(g):

> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including –
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct,

5

> history relating to drug or alcohol abuse, criminal history,
> and record concerning appearance at court proceedings;
> and
>
> (B) whether, at the time of the current offense or arrest, the
> person was on probation, on parole, or on other release
> pending trial, sentencing, appeal, or completion of sentence
> for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the
> community that would be posed by the person's release.

18 U.S.C. § 3142(g).

The Second Circuit has warned that, in applying these factors to any particular case, "the court should bear in mind that it is only a 'limited group of offenders' who should be denied bail pending trial." United States v. Shakur, 817 F.2d 189, 195 (2d Cir.) (quoting S. Rep. No. 225, 98th Cong., 2nd Sess. 7, reprinted at 1984 U.S.C.C.A.N. 3182, 3189); see United States v. Sabhnani, 493 F.3d 63, 75 (2d Cir. 2007).

For purposes of the Bail Reform Act, a crime of violence is defined, in relevant part, as:

> (A) an offense that has [as] an element of the offense the use,
> attempted use, or threatened use of physical force against the
> person or property of another; (B) any other offense that is a
> felony and that, by its nature, involves a substantial risk that
> physical force against the person or property of another may
> be used in the course of committing the offense.

18 U.S.C. § 3156(a)(4); see United States v. Chimurenga, 760 F.2d 400, 404 (2d Cir. 1985) (conspiracy to commit a crime of violence is a crime of violence for purposes of the Act). The United States takes the position that the interstate transportation of stolen merchandise charge, and the charge of conspiring to do the same, that defendant Stewart presently faces are not crimes of violence, although the United

6

States does indicate that, in this particular case, the actual conduct of the defendant's extensive participation in organized shoplifting involved serious risks of force against persons or property[1].  The offense conduct charged in the Superseding Indictment remains serious, even though the interstate transportation of stolen property may not be a crime of violence.

The evidence of defendant Stewart's participation in the charged conduct is extensive.  The defendant submitted to interviews by law enforcement officers in which he admitted his role in the offense conduct.  The defendant signed at least one written statement containing admissions to previously selling stolen items to Vendetti, to being recruited by Vendetti and Combs to steal Mr. Marciniak's comic book collection, to helping to deliver the stolen comic book collection to Vendetti after the burglary, to opening the strong boxes or safes taken by others during the burglary, and to sharing in some proceeds of the burglary.  Cooperating witnesses are expected to corroborate evidence incriminating the defendant.  Because the evidence against the defendant is strong, and because of his past criminal record, the defendant is more likely to face a punishing sentence, if he is convicted.  These circumstances give rise to a motive to flee that increases the risk of flight.  See e.g., United States v. Sabhnani, 493 F.3d 63, 76 (2d Cir. 2007).

---

[1]      The Second Circuit has not decided whether determining that a particular offense qualifies as a  "crime of violence"  under 18 U.S.C. § 3156 turns upon the nature of the offense that is charged or upon the actual conduct or the nature of the defendant.  Dillard 214 F.3d at 92.  Absent a serious risk of flight, the prospect that this defendant may soon be charged with a crime of violence would not have been sufficient to warrant a detention hearing, though his "past conduct" is certainly highly relevant. Id. at 91; 18 U.S.C. § 3142(g)(3)(A).

In addition, the United States has indicated that it expects that defendant Stewart will be charged by a Grand Jury in the near future with racketeering and with responsibility for a role in the death of Mr. Marciniak based upon the defendant's role in events leading up to the July 5, 2010, burglary and its aftermath.  If convicted of that charge, the defendant will likely face a much longer term of imprisonment.  Having the possibility of a racketeering murder charge hanging over the defendant's head gives the defendant a stronger motive to flee.

Defendant Stewart has a criminal history that includes two felony marijuana distribution convictions -- one of which was for conduct while the defendant was under court supervision -- and for other, less serious offenses.  His record includes non-compliance with court-ordered conditions of supervision.  The defendant also has a history of substance abuse, including of cocaine and heroin.  His employment record appears to have been poor.

Despite his troubled past, defendant Stewart argues that the home incarceration on electronic monitoring and the financial security conditions of release ordered by Magistrate Judge McCarthy adequately will assure his appearances in court as required and the safety of the community.  The defendant has substantial family and social ties to this District.  The defendant has been in local pretrial custody for approximately a year due to local charges stemming from the burglary of Mr. Marciniak's home that were recently dismissed.  During that time in custody, the defendant has presumably not been abusing controlled substances.

Defendant Stewart's last felony criminal conviction was more than 10 years ago. That gap in time since the defendant's last conviction would ordinarily mitigate the

8

danger that the defendant poses fairly substantially, but his continued serious narcotics abuse during the intervening years establishes that he had not rehabilitated himself.  To the contrary, co-defendant Combs told law enforcement officers that the defendant did not actually commit the burglary of Mr. Marciniak's home with his co-defendants because she caused him to be left behind based on her judgment that he was too high on crack cocaine.

Under all the circumstances, the Court concludes that the nature of the danger proven by clear and convincing evidence posed by the defendant is the risk of his continued drug abuse and his need to commit crimes to make money to pay for more drugs.  Because defendant Stewart will be subject to standard drug abuse evaluation, treatment, and testing while on home incarceration, any steps that he might take backward toward potential drug abuse and its associated crimes will be apparent to his supervising pretrial services officers relatively quickly.  A positive drug test or an electronic monitoring violation will prompt a speedy response.  The Court finds that the particular nature of the danger that the defendant poses is such that it reasonably can be mitigated pending a speedy trial by the conditions that Magistrate Judge McCarthy has imposed.  The United States has not proven by clear and convincing evidence that this set of conditions are inadequate to the alleviating the danger posed by the defendant to the community.

Defendant Stewart argues that the home incarceration on electronic monitoring and financial security conditions of release ordered by Magistrate Judge McCarthy adequately will assure the appearances of the defendant in court as required.  Because of the defendant's ties to this District,  because his mother may well lose her residence

if the defendant violates conditions of his pretrial release, and because he will be on home incarceration monitored electronically, the Court also finds that the conditions of release will adequately assure the defendant's appearances in court as required.

## **CONCLUSION**

For the reasons stated, the motion of the United States to revoke Magistrate Judge McCarthy's November 3, 2011 pretrial release order is denied.


SO ORDERED.

_s/ Richard J. Arcara_
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: January    , 2011

10